IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH BERNARD HILL,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 18-00392-JB-B |
| | * |
| **JOSEPH R. BONNER,** *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review. On September 6, 2018, Plaintiff Kenneth Bernard Hill, an Alabama state inmate proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed without prepayment of fees (Doc. 2). The case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action.

In an Order dated October 5, 2018, the Court observed that Hill's complaint was not on the form required by this Court for prisoner actions under 42 U.S.C. § 1983, and that his motion to proceed without prepayment of fees was unsigned. (Doc. 3 at 1). Accordingly, the Court directed Hill to re-file his complaint on the complaint form required by this Court for § 1983 prisoner actions by October 26, 2018, and provided him with a copy of the Court form required for § 1983 prisoner complaints. (Id.). The Court also directed Hill to sign and return his motion to proceed

without prepayment of fees to the Court by October 26, 2018. (Id. at 2). Hill was cautioned that failure to comply with the Court's Order within the prescribed time or to advise the Court of a change in address would result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's Order. (Id.).

Although Hill signed and timely returned his motion to proceed without prepayment of fees (Doc. 4), he did not re-file his complaint on the Court's form for § 1983 prisoner actions as directed. Accordingly, in an Order dated December 7, 2018, the Court again directed Hill to re-file his complaint on the Court's form for § 1983 prisoner actions by January 7, 2019. (Doc. 6 at 2). Hill was again provided with the Court's required form for § 1983 prisoner complaints. (Id.). Hill was also again cautioned that failure to comply with the Order within the prescribed time or to advise the Court of a change in address would result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's Order. (Id.). Notwithstanding, Hill failed to re-file his complaint on the Court's form as directed.

Consequently, in a subsequent Order, dated January 29, 2019, the Court directed Hill to show cause, by February 19, 2019, for his repeated failure to comply with the Court's Orders directing him to re-file his complaint on the Court's form for § 1983 actions. (Doc. 8 at 2).

2

To date, Hill has not re-filed his complaint on the Court's form as directed, nor has he shown cause for his repeated failure to comply with the Court's directives.  Additionally, the Court's Orders that have been mailed to Hill have not been returned by the postal service marked "undeliverable," nor has the Court received any other indication that Hill has not received the Orders in this action.  Hill has not notified the Court of any change in his address.  Indeed, Hill clearly received the Court's Order dated October 5, 2018, as he complied with the portion of that Order requiring him to sign and return his motion to proceed without prepayment of fees but ignored the portion of the Order requiring him to re-file his complaint on the Court's form.  Simply put, Hill has failed to comply with the Court's Orders directing him to re-file his action on the Court's form for § 1983 prisoner actions, he has failed to show cause for said failure, and he has not offered any explanation for his noncompliance.

An action may be dismissed if the plaintiff fails to prosecute it or if he fails to comply with any court order.  See Dickinson v. Granade, 2016 U.S. Dist. LEXIS 85448, at *26, 2016 WL 3647181, at *8 (S.D. Ala. June 1, 2016), report and recommendation adopted, 2016 U.S. Dist. LEXIS 85145, 2016 WL 3637093 (S.D. Ala. June 30, 2016) (citing Fed. R. Civ. P. 41(b)); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962) (holding district courts have the power to dismiss a cause of action *sua sponte* for failure to prosecute); World Thrust Films, Inc. v. Int'l Family Entm't, Inc.,

41 F.3d 1454, 1456 (11th Cir. 1995) (stating that a district court may dismiss actions for failure to comply with rules when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice").

Here, Hill has, at a minimum, engaged in a clear pattern of delay by failing to comply with two Court Orders to re-file his complaint on this Court's form and a third Order requiring him to show cause for his previous failures to comply.  Accordingly, the undersigned RECOMMENDS that the Court dismiss his action without prejudice for failure to obey the Court's Orders and to prosecute this action, as no lesser sanctions would suffice.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

4

informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **March, 2019.**

                                         **/s/ SONJA F. BIVINS**
                             **UNITED STATES MAGISTRATE JUDGE**